Filed 4/13/23  P. v. Sims CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RODNEY LOUIS SIMS,<br><br>    Defendant and Appellant. | B324089<br><br>Los Angeles County<br>Super. Ct. No. GA096858 |

        APPEAL from an order of the Superior Court of Los Angeles County, Jared D. Moses, Judge. Affirmed.
        Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.
        No appearance for Plaintiff and Respondent.

## INTRODUCTION

Defendant Rodney Louis Sims appeals from an order denying his application for resentencing and to redesignate a second degree robbery conviction as a misdemeanor offense under Penal Code[1] section 1170.18. We affirm.

## BACKGROUND

In October 2015, the People charged defendant in a one-count information with second degree robbery in violation of section 212.5, subdivision (c), a felony. The People further alleged that defendant personally used a box cutter and screwdriver in the commission of the robbery, causing the offense to become a serious felony.

In February 2016, a jury found defendant guilty of second degree robbery in violation of section 212.5 as charged in the information. The jury also found true the allegation that defendant committed the robbery by personally using a dangerous and deadly weapon. After defendant admitted prior strike convictions, the court sentenced him to an aggregate term of 35 years to life.

On June 10, 2022, defendant filed an application for resentencing and redesignation of his 2016 robbery conviction as a misdemeanor conviction pursuant to section 1170.18, a statute added by Proposition 47. Defendant stated he was convicted in 2016 of violating section 212.5, "a felony violation of a crime that has now been made a misdemeanor pursuant to Proposition 47." On June 20, 2022, the trial court summarily denied the

---

[1] Undesignated statutory references are to the Penal Code.

application because defendant's robbery conviction is for an offense that does not qualify for relief under section 1170.18. This timely appeal followed.

In an opening brief filed on January 30, 2023, defendant's appellate counsel declared counsel was unable to find any arguable issues and asked us to proceed under *People v. Serrano* (2012) 211 Cal.App.4th 496. Defendant was given 30 days to submit additional briefing or a letter stating any grounds for an appeal, or contentions, or arguments which he wishes this court to consider. On February 27, 2023, defendant submitted a letter brief and several attachments. Essentially, defendant argues his robbery conviction was based on false testimony and evidence and he did not receive a fair trial. In addition to considering the issues raised in defendant's letter brief we have conducted an independent review of the record. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 232.) Finding no error, we affirm the order.

## DISCUSSION

"In November 2014, voters approved Proposition 47, the Safe Neighborhoods and Schools Act. [Citation.] Proposition 47 'reduced the punishment for certain theft- and drug-related offenses, making them punishable as misdemeanors rather than felonies.' [Citation.] Under Proposition 47, grand theft of property valued at $950 or less is a misdemeanor if the defendant does not have a specified prior conviction. [Citation.] Proposition 47 also added section 1170.18, which permits a defendant to petition to have his or her felony conviction resentenced to or redesignated as a misdemeanor. [Citation.] A petition or application under section 1170.18 must be filed on or before November 4, 2022,

absent a showing of good cause." (*People v. Bear* (2018) 25 Cal.App.5th 490, 495.)

The offenses that may be reclassified as misdemeanors include the following: shoplifting of property worth $950 or less (§ 459.5, subd. (a)); forgery of instruments worth $950 or less (§ 473, subd. (b)); fraud involving financial instruments worth $950 or less (§ 476a, subd. (b)); theft of, or receiving, property worth $950 or less (§§ 490.2, subd. (a), 496, subd. (a)); petty theft with a prior theft-related conviction (§ 666, subd. (a)); and possession of a controlled substance (Health & Saf. Code, §§ 11350, subd. (a), 11377, subd. (a)). (See *People v. DeHoyos* (2018) 4 Cal.5th 594, 597–598; see also *People v. Valencia* (2017) 3 Cal.5th 347, 355.)

Here, defendant was convicted of robbery. Robbery is defined as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.) Robbery is not mere theft but is accomplished by "means of force or fear." (*Ibid.*) Defendant—who was convicted of robbery— is not statutorily eligible for relief under section 1170.18 and the court properly denied his application on that basis.

We also reject defendant's challenges to his underlying robbery conviction in this appeal. In his direct appeal, defendant had the right to raise any issues relating to his conviction, including challenging the sufficiency of the evidence and whether he had obtained a fair trial. The judgment of conviction was affirmed on appeal and has long since been final. (See *People v. Sims* (Nov. 8, 2017, B271254) [nonpub. opn.].)

4

## DISPOSITION

The order is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

                                                        LAVIN, J.

WE CONCUR:

EDMON, P. J.

EGERTON, J.